Ex parte Suárez et al., Peticionarios y Apelados, y El Pueblo, Opositor y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso de *habeas corpus.*

No. 685.—Resuelto en junio 5, 1914.

Habeas Corpus—Resolución Decretando la Excarcelación del Peticionario—Apelación por la Parte Agraviada.—Una resolución de un recurso de

*habeas corpus* por una corte de distrito puede ser apelada para ante la Corte Suprema por cualquiera de las partes que resultare agraviada, y cuando se decreta la excarcelación de los peticionarios la parte agraviada es la persona bajo cuya custodia estaba el peticionario.

ID.—SOLICITUD PRESENTADA POR EL ATTORNEY GENERAL—APELACIÓN POR UN FISCAL DE LA RESOLUCIÓN DECLARANDO CON LUGAR LA SOLICITUD—DESESTIMACIÓN DE LA APELACIÓN.—Cuando, como en el caso de autos, la corte de distrito declara con lugar la solicitud de *habeas corpus* presentada por el Attorney General de Puerto Rico a nombre de los peticionarios y dicha resolución es apelada por un Fiscal, El Pueblo de Puerto Rico está impedido de apelar contra una resolución dictada a instancia de él y a su favor y debe desestimarse la apelación.

ID.—DESESTIMACIÓN DE APELACIÓN—AMICUS CURIAE.—El hecho de que el tribunal haya permitido a un juez municipal comparecer como *amicus curiæ* en un procedimiento de *habeas corpus,* no impide el que se desestime la apelación cuando así lo exigen las circunstancias del caso.

Los hechos están expresados en la opinión.

Abogados de los apelados: *Sres. Wolcott H. Pitkin, Jr., Attorney General* y *Salvador Mestre, Fiscal especial.*

Abogado del apelante: *Sr. Charles E. Foote, Fiscal.*

*Amicus curiæ: Sr. Eugenio Benítez Castaño.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal

Este procedimiento fué iniciado por una petición del Hon. Attorney General de Puerto Rico y del Fiscal Especial de esta Isla, presentada al Hon. Juez del Distrito de San Juan, Sección 1ª., a nombre de Darío Suárez y de Juan Gutiérrez, quienes según aparece de los autos eran entonces dos empleados del Gobierno Insular como agentes de la policía y estaban en prisión bajo la custodia del alcaide de la Cárcel Municipal de San Juan, castigados por el juez municipal de esta ciudad por haber desobedecido ciertas órdenes que les dió para que las cumpliesen como tales agentes de policía, siendo el objeto de tal petición que se expidiera un auto de *habeas corpus* y se les pusiera en libertad porque estaban ilegalmente presos toda vez que no tenían el deber de cumplir las expresadas órdenes.

El auto fué expedido y su resolución fué favorable a las peticiones del Hon. Attorney General y del Fiscal especial,

pues la corte decretó la excarcelación de los presos. No obstante ésto, el Fiscal Auxiliar del Distrito de San Juan, quien no aparece de la transcripción que tuviera participación ni representación alguna en el juicio y sin expresar a nombre de qué persona apelaba, presentó el escrito que dice así:

"En la Corte de Distrito del Distrito Judicial de San Juan. Sección Primera.

Ex parte
Dario Suárez
y
Juan Gutiérrez.     Nos. 2 y 3
   Habeas Corpus.

Al Secretario de la Corte de Distrito de San Juan, Sección Primera:

Comparece el Asst. Fiscal del Distrito de San Juan y dice:

Que deseando que la resolución dictada el día 17 de enero de 1914, por el Hon. Juez de la Sección Primera de la Corte de Distrito de San Juan, en el caso de epígrafe sea revisada por el Hon. Tribunal Supremo, apela de dicha resolución para ante el citado tribunal.

San Juan, enero 21 de 1914.

Firmado: J. Sifre, Asst. Fiscal del Distrito.

Notificado con copia hoy día 21 de enero de 1914. Firmado: W. H. Pitkin, Attorney General de Puerto Rico. Salvador Mestre, Fiscal Especial de Puerto Rico."

Para sostener el recurso ante nosotros presentó el Hón. Fiscal de este Tribunal Supremo un alegato en el que después de exponer los hechos se limita a manifestar que al decretar la corte inferior la excarcelación fundándose en que el juez municipal carecía de jurisdicción para castigar como desacato los actos realizados por los apelados, cometió error, aunque no expone las razones legales por las cuales debamos revocar la resolución apelada. En tales condiciones el asunto y antes de la celebración de la vista el Juez Municipal de San Juan nos pidió permiso, que le concedimos, para que se le oyera como amicus curiæ. En vista de estos hechos, la primera cuestión que se nos ocurre, y sobre esto fué llamada la

atención de los abogados, es si hay en verdad en este caso una apelación que debamos resolver.

Una resolución de un auto de *habeas corpus* por una corte de distrito puede ser apelada para ante nosotros por cualquiera de las partes que resultare agraviada, y siendo la agraviada en este caso el alcaide de la Cárcel Municipal de San Juan porque se le privó de la custodia de los peticionarios, aunque tenía el derecho de apelar, no ha utilizado tal recurso, ya que en la forma en que está redactado el escrito de apelación no podemos decir que se estableció en su nombre por el Fiscal Auxiliar del Distrito de San Juan.

Es cierto que cuando se decreta la libertad de un preso o detenido bajo acusación criminal o se le manda poner en libertad bajo fianza puede El Pueblo de Puerto Rico establecer el recurso de apelación por medio del Fiscal del distrito, del Fiscal del Tribunal Supremo, de Attorney General o de un abogado debidamente autorizado por éste, por lo que podemos admitir que en este caso al Fiscal Auxiliar del Distrito de San Juan estableció el recurso de apelación a nombre del Pueblo de Puerto Rico. Sin embargo, como cuestión de hecho, nos encontramos con que el más alto representante del Pueblo de Puerto Rico ante los tribunales tomó la defensa de los peticionarios para pedir su excarcelación por estimarla ilegal y no comprendemos como un Fiscal subalterno del Attorney General y representante también del Pueblo pueda establecer un recurso de apelación con la pretensión de que a su nombre se revoque la resolución que a instancia del representante del Pueblo se decretó. Este es un caso sumamente anómalo en el que representantes del Pueblo piden y obtienen lo que luego otro representante viene a pedir que se deje sin efecto, o en otras palabras el Pueblo de Puerto Rico ha comparecido en este recurso como apelante y como apelado, sosteniendo el recurso por medio del Fiscal de este Tribunal e impugnandolo al mismo tiempo por el Fiscal Especial, uno de los firmantes de la petición de *habeas corpus*. Desde el momento en que los representantes del Pueblo tomaron a su

cargo la defensa de los agentes del mismo Pueblo tácitamente renunciaron el derecho que la ley les concede de apelar en nombre del Pueblo si se accedía a la excarcelación que se interesaba, so pena de darse el contrasentido de ser apelante y apelado, de pedir la revocación de una resolución y al mismo tiempo que se confirme aunque utilizando distintos Fiscales.

Por estas consideraciones entendemos que no tenemos ante nosotros un recurso propiamente establecido que debamos resolver, y debemos desestimarlo, sin que sea obstáculo el que hayamos admitido a un *amicus curiae* que, por ser tal, no es apelante.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.